OPINION
Appellants Richard Eddy, Sr. and Evelyn Eddy are appealing the decision of the Fairfield County Court of Common Pleas, Juvenile Division, that granted the Fairfield County Children's Services' ("Agency") request for permanent custody of appellants' three minor children. The following facts give rise to this appeal.
Appellants are the biological parents of Melissa Eddy, born August 17, 1980; Theresa Eddy, born July 26, 1981[1]; George Eddy, born January 6, 1986; Richard Eddy, Jr., born August 29, 1991; and Joshua Eddy, born December 22, 1996. The Agency initially became involved with appellants in January of 1996, when it received information concerning the hygiene of ten-year old George Eddy. Keith Savage, intake caseworker, visited George Eddy at his school. Savage observed that George Eddy had holes in his pants, sweatshirt and boot, his hair was matted and unkept, he had an odor about him, and it appeared that he had not bathed for a long time.
On February 27, 1997, Mr. Savage visited George Eddy's home. The Eddy residence was a trailer located on Grubb Road, in Fairfield County. Upon his visit, Mr. Savage found appellants' residence in a deplorable condition. Trash, junk, dirty clothing, tools, utensils and filth was all over the trailer. The floor of the trailer was so dirty it looked like a dirt floor. The windows in the trailer were broken and there were holes in the ceiling and walls. There was no door knob on the front door to the trailer and the door did not close properly. The interior of the trailer was very cold.
None of the appliances in the kitchen were operable. There were exposed electric wires and outlets throughout the trailer. The sole shower in the trailer was inoperable and cold water ran continuously from the bathtub faucet. The trailer had no hot water. The toilet was full of excrement and the toilet pump had to be turned on manually in order to flush the toilet. There were no personal hygiene items in the trailer and all of the children were infested with lice. Mr. Savage also observed shotguns, in the kitchen and back room, which were accessible to the children.
In order to make the trailer habitable, Mr. Savage informed appellants that he and several workers from the Agency would return, in a couple of days, to clean the trailer. On March 1, 1996, Mr. Savage and four other employees of the Agency arrived at appellants' residence. Mr. Savage and the four employees cleaned appellants' trailer for approximately three and one-half to four hours. There was so much trash in the trailer that Mr. Savage and the employees used a shovel to clean up the trash filling thirty trash bags. Even after this cleaning, the trailer remained inhabitable. Ultimately, the Board of Health condemned appellants' trailer.
In addition to the condition of the trailer, the Agency also observed unhealthy relationship dynamics in the family. Appellants blamed their oldest daughter, Melissa Eddy, for most of their problems, including the filthy condition of the trailer. Mr. Savage and the Agency's employees discovered large amounts of pornographic material throughout the trailer. As a result of these conditions, the trial court removed the children, from the trailer, on March 6, 1996, and placed them in the temporary shelter custody of the Agency. After the trial court placed Melissa Eddy in the temporary shelter custody of the Agency, she made allegations that Appellant Richard Eddy, Sr. sexually abused her since the age of ten. Melissa Eddy also alleged that Appellant Evelyn Eddy participated in the sexual abuse. Appellants denied the allegation of sexual abuse.
On April 16, 1996, the trial court found the Eddy children to be dependent and placed temporary custody of the children with the Agency. The trial court further ordered appellants to pay child support commencing on March 6, 1996. Despite the trial court's order, appellants never voluntarily paid child support following removal of the children from their custody. The Agency formulated a case plan, in April of 1996, which appellants never followed. Appellant Evelyn Eddy only minimally cooperated with the Agency and Appellant Richard Eddy, Sr. totally failed to cooperate with the Agency or participate in the case plan. In December of 1996, unbeknownst to the Agency, Appellant Evelyn Eddy gave birth to Joshua Eddy. At the time of Joshua's birth, appellants were residing in a small efficiency room at the Casa Grande Motel, in Lancaster. The Agency visited the motel two days after Joshua's birth. The Agency observed that appellants did nothing to prepare for Joshua's birth. As a result of these conditions, the trial court also awarded temporary shelter custody, of Joshua, to the Agency. Although appellants had the opportunity to visit with Joshua, Appellant Evelyn Eddy only visited a few hours a week and Appellant Richard Eddy, Sr. never visited.
As a result of appellants' failure to comply with the case plan and failure to remedy the problems that initially caused the children to be removed from their custody, the Agency filed a motion for permanent custody on April 24, 1997. The trial court heard this matter on September 15, 1997. On October 30, 1997, the trial court issued its judgment entry granting permanent custody of Joshua, Richard and George Eddy to the Agency. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION OF FAIRFIELD COUNTY CHILDREN'S SERVICES FOR PERMANENT CUSTODY OF THE MINOR CHILDREN JOSHUA EDDY, RICHARD EDDY AND GEORGE EDDY AS THE STATE OF OHIO FAILED TO ESTABLISH THE JURISDICTIONAL PREREQUISITES FOR A GRANT OF PERMANENT CUSTODY AS SET FORTH IN R.C. § 2151.414.
 II. THE TRIAL COURT ERRED WHEN IT MADE AND JOURNALIZED FINDINGS OF FACT NUMBERS 10-14, 19-20, 24-36, 39, 43-44, 51, 54-60, 62, 65, 69-71, 76, 77I, (SIC) J, L, M, N, O, 81, 86 88-93 AND 95 THAT WERE NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 III. THE TRIAL COURT ERRED WHEN IT ENTERED AND JOURNALIZED CONCLUSIONS OF LAW NUMBERS 3, 4, 5A, 6A, B, C, 7A, B, 8 AND 9 WHICH CONCLUSIONS ARE ILLUSORY IN THAT THEY HAVE NO BASIS IN FACTS AS ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE OF RECORD. CONSEQUENTLY, THE TRIAL COURT ERRED IN GRANTING THE STATE OF OHIO'S MOTION FOR PERMANENT CUSTODY BASED UPON THESE FALLACIOUS CONCLUSIONS OF LAW.
 IV. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT GRANTED THE MOTION OF FAIRFIELD COUNTY CHILDREN'S' (SIC) IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE OF THE FACTS REQUIRED BY R.C. § 2151.414
BY CLEAR AND CONVINCING EVIDENCE.
 I, II, III, IV
Appellants address all four of their assignments of error simultaneously and we will do the same. Appellants' four assignments of error request that we consider two issues. First, whether the trial court's decision finding by clear and convincing evidence that the best interests of the Eddy boys would be served by granting permanent custody to the Agency is against the manifest weight of the evidence. Second, whether the trial court's decision finding by clear and convincing evidence that the Eddy boys cannot be placed with either parent within a reasonable period of time or should not be placed with either parent within a reasonable period of time is against the manifest weight of the evidence. For the following reasons, we find the trial court's termination of appellants' parental rights is not against the manifest weight of the evidence.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon this standard that we review appellants' four assignments of error.
The relevant statute, in reviewing appellants' assignments of error, is R.C. 2151.414. This statute provides:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
In determining the best interest of the child, R.C.2151.414(D) provides:
 In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 * * * or division (C) of section 2151.415 * * * of the Revised Code, the court shall consider all relevant factors, including, but not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Based upon our review of the record, we find the trial court's determination that it was in the best interest of the minor children to grant permanent custody to the Agency is not against the manifest weight of the evidence. The record in this matter supports the trial court's conclusion that the children cannot be placed with either of their parents within a reasonable time or should not be placed with their parents. Despite the Agency's reasonable case planning and diligent efforts, appellants have refused to remedy the conditions that initially caused the children to be placed outside their home. The original case plan required appellants to attend therapeutic counseling to be provided by New Horizons and parenting classes to be provided by Parenting Pathways. Appellant Evelyn Eddy attended one meeting at New Horizons, which she terminated early, and never returned. Appellant Richard Eddy did not attend any counseling sessions. Neither appellant attended any of the parenting classes.
The record of this matter also indicates appellants refused to support their children. On April 16, 1996, the trial court ordered appellants to pay child support, for their minor children, while they were in the custody of the Agency. Although appellants had a combined income in excess of $35,000, appellants failed to make any child support payments. The trial court subsequently garnished appellants' wages by order filed November 14, 1996.
In addition to failing to support their children, Appellant Evelyn Eddy only visited with the children minimally. Although given an opportunity to visit with Joshua Eddy, the baby, as often as she would like, Appellant Evelyn Eddy only visited a total of six hours per week, with the child. During these visits, the child cried while in the presence of his mother. Appellant Evelyn Eddy admitted there is no bond between her and Joshua. Appellant Richard Eddy has not visited with any of the children in over a year and did not even appear at the permanent custody hearing.
Clearly, based upon the above evidence, appellants have made no effort to reunify their family. The evidence supports the trial court's conclusion that the best interests of the children are served by the grant of permanent custody to the Agency as the children cannot be placed with either parent within a reasonable period of time and should not be placed with either parent.
However, in addition to the best interest determination, the trial court must also consider the factors set forth in R.C.2151.414(E)(1). Section (E) provides as follows:
 (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code that one or more of the following exists as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
The trial court found the following factors present under R.C.2151.414(E):
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 (6) The parent violated section * * * 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, * * * 3907.31, * * * 2919.25, * * * 2923.161 * * * of the Revised Code and the child or a sibling of the child was a victim of the violation or the parent violated section 2903.01, 2903.02, 2903.03, or 2903.04 of the Revised Code, a sibling of the child was the victim of the violations, and the parent who committed the violation poses an ongoing danger to the child or a sibling of the child.
 (9) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect;
As noted above, the evidence clearly supports the trial court's findings under R.C. 2151.414(E). The trial court's finding that the minor child could not be placed with appellants within a reasonable time or should not be placed with appellants is not against the manifest weight of the evidence. The trial court's conclusion, that the children's best interests are served by granting permanent custody to the Agency, is also supported by the manifest weight of the evidence.
Appellants' assignments of error one, two, three and four are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Fairfield County, Ohio, is affirmed.
[1] Melissa and Theresa Eddy were placed in long term foster care.